Richard WELLS, Plaintiff—Appellee,

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant—Appellant.**

Richard Wells, Plaintiff—Appellant,

v.

**Reliance Standard Life Insurance Company, Defendant— Appellee.**

Nos. 07–35163, 07–35190.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed July 3, 2008.

Paul C. Meismer, Karen P. Kane, Meismer & Associates, PLLC, Missoula, MT, for Plaintiff-Appellant.

Joshua Bachrach, Rawle & Henderson, LLP, Philadelphia, PA, Mikel L. Moore, Christensen, Moore, Cockrell, Cummings & Axelberg, P.C., Kalispell, MT, for Defendant-Appellant.

Before: BRUNETTI and CALLAHAN, Circuit Judges, and BENITEZ,* District Judge.

## MEMORANDUM **

Reliance Standard Life Insurance Company (Reliance Standard) appeals and Richard Wells (Wells) cross-appeals the district court's order. denying Reliance Standard's motion for summary judgment and granting Wells' motion for summary judgment to the extent that the district court remanded the case to Reliance Standard. We reverse and remand.

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

We have jurisdiction to review the district court's remand to Reliance Standard under 28 U.S.C. § 1291. *Snow v. Standard Ins. Co.,* 87 F.3d 327, 330 (9th Cir. 1996), *overruled on other grounds by Kearney v. Standard Ins. Co.,* 175 F.3d 1084 (9th Cir.1999) (en banc).

When an ERISA plan confers discretion on a plan administrator to determine eligibility for benefits or to construe the terms of the plan, the exercise of that discretion is reviewed for an abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 962–63 (9th Cir.2006) (en banc). If "a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (alteration in original and citation omitted); *see also Metro. Life Ins. Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 2348, 171 L.Ed.2d 299 (2008). "An ERISA administrator abuses its discretion only if it (1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of fact." *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan,* 410 F.3d 1173, 1178 (9th Cir.2005).

On appeal, Wells does not argue that Reliance Standard rendered a decision without explanation, or that it construed a provision of the Plan in a way that conflicted with the Plan's plain language. A plan administrator's findings of fact are not

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

clearly erroneous "where there is substantial evidence to support the decision, that is, where there is 'relevant evidence [that] reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.'" *Snow,* 87 F.3d at 332 (alteration in original and citation omitted).

Here, while no doctor explicitly stated that Wells could return to work as an osteopathic physician on a "full-time" basis, one doctor did explain that "a *graduated* return to medical practice [was] feasible." Furthermore, evidence suggested that Wells was in fact working "full-time" hours as an osteopathic physician. While still receiving benefits and without informing Reliance Standard, Wells opened his own medical practice. Wells also advertised "full-time" hours in a local newspaper and personally told Reliance Standard's investigator that he was working "full-time" hours. Finally, upon closing the Riverside Family Practice, Wells informed his patients that he was pursuing an opportunity in Council, Idaho, where he would "be the only physician there."

We conclude that these facts amounted to substantial evidence, such that a reasonable mind might conclude that Wells was working "full-time" as an osteopathic physician. Therefore, Reliance Standard did not abuse its discretion when it ultimately terminated Wells' benefits. Because Reliance Standard did not abuse its discretion, no further inquiry is required. *See Snow,* 87 F.3d at 332.

Accordingly, we reverse the judgment of the district court and remand with instructions to enter judgment in favor of Reliance Standard.

**REVERSED and REMANDED.**